**READING COMPANY et al. v. BOWMAN.**

No. 6111.

United States Court of Appeals
Fourth Circuit.

Argued July 5, 1950.

Decided July 28, 1950.

Paul S. Parsons and Hilary W. Gans, Baltimore, Md., for appellants.

Albert Averbach, Seneca Falls, N. Y., for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

This civil action, in the United States District Court for the District of Maryland, arose out of a crossing accident on October 28, 1948, at about 8:56 P.M., at the Church Street crossing of the Western Maryland Railway Company in Hagerstown, Maryland. Plaintiff drove his automobile onto Church Street during the passage of a westbound freight train over the crossing. There was a single line of waiting cars on Church Street, and plaintiff, driving parallel to this line, brought his car to a stop just abreast, and to the left, of the first car in this waiting line. As the caboose of this westbound train cleared the crossing, plaintiff started his car across the railroad tracks and his car was struck by the locomotive of an eastbound freight train. The weather was clear and the tracks of the railroad to the west were straight for approximately 950 feet.

· Based upon the jury's verdict, judgment in favor of plaintiff against the defendants for $4,500 was duly entered in the District Court. Defendants have appealed. Plaintiff has also entered a cross-appeal, alleging that the verdict was insufficient but this cross-appeal has been abandoned.

Defendants contend with great earnestness, and no little reason, that plaintiff was guilty of contributory negligence as a matter of law and that, on this score, a verdict should have been directed in their favor. It is not necessary for us to pass on this question. Even if we assume that the plaintiff was guilty of contributory negligence, we think the verdict and judgment below must be affirmed by the application of the doctrine of the last clear chance.

The distance traversed by the plaintiff's car from the point where he had stopped (which he estimated was 15 or 16 feet from the first track) to the point of collision was about 35 feet. Plaintiff further estimated that about 15 seconds elapsed between the time he started his car forward and the time his car was struck by the eastbound locomotive.

Weaver, conductor of the eastbound train, who was then on the engine just behind the fireman, testified that the speed of his train, just before the collision, was between 5 and 10 miles an hour. Scott, the fireman, and Jacoby, the engineer, of the eastbound train, testified that the speed of the train was from 10 to 12 miles an hour.

After the caboose of the westbound train cleared the crossing, there was nothing to obscure the view of the crossing on the part of the fireman and the conductor, who were on the left-hand side of the engine. Scott testified that he was preoccupied with "looking out for a signal which I could not see prior to that time on account of the westbound train. That signal which I was looking for would govern our movement." And further, as a reason for his estimate of the speed of his train, he said: "Coming down the railroad there there is a signal which governs our movement, due to there being a junction point a little further away, and if we have a red indication, that means we have to stop, and if we come down there faster than what we did, we would not have been able to stop."

Plaintiff testified that his major injuries occurred at a point where his car was pushed over a frog on the tracks, when he felt a sharp pain in his hip. The distance from the point of collision to the frog was about 342 feet. Plaintiff's car was pushed about 468 feet from the point of collision to the point at which the eastbound train was finally brought to a stop.

On this record, then, we cannot say there was lacking substantial evidence on which the jury could find for the plaintiff, under the last clear chance doctrine, on the ground that, after the peril of the plaintiff was known (or should have been known) to defendants, defendants failed in their duty to stop the train in a shorter distance which at least, would have minimized the damage sustained by the plaintiff. In the light of the severity of the plaintiff's injuries, the amount of damages, $4,500, was certainly moderate, and this rather indicates that the jury found the plaintiff guilty of negligence and based its verdict on the last clear chance theory.

The judgment of the District Court is affirmed.

Affirmed.